# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 19, 2013

Lyle W. Cayce
Clerk

No. 12-10656
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTO FERDINANDO MEDRANO-OCHOA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CR-14-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fausto Ferdinando Medrano-Ochoa (Medrano) pleaded guilty to illegal re-entry of the United States after deportation and was sentenced within the advisory guideline range to a 63-month term of imprisonment. His plea was pursuant to an agreement, but he did not waive his appellate rights.

Medrano argues that the district court erred by denying his request for an additional one-level decrease for acceptance of responsibility. He asserts that the Government improperly denied the additional level based on his refusal to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waive his appellate rights. Medrano contends that the district court has the authority to award the additional point despite the Government's failure to move for it. He asserts that, if the district court were without the authority to award the point, the power of the Government to withhold the additional point decrease for acceptance of responsibility would violate the separation-of-powers doctrine.

We have rejected virtually identical contentions. *See United States v. Newsom*, 515 F.3d 374, 376-79 (5th Cir. 2008). A district court cannot award an additional point for acceptance of responsibility absent a motion from the Government pursuant to § 3E1.1. *Id.* at 378. Medrano's argument regarding a violation of the separation-of-powers doctrine is foreclosed by *United States v. Booker*, 543 U.S. 220 (2005). *See id.* at 376.

Medrano argues that his sentence is procedurally unreasonable because the district court did not address his argument for a lesser sentence. He contends that his request for leniency based on the staleness of his convictions was sufficient to preserve his procedural reasonableness challenge. Medrano's failure to request a further explanation at sentencing results in plain error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To succeed under the plain error standard, Medrano must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court may exercise its discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, bracketing, and citation omitted).

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Additionally, where the defendant "presents nonfrivolous reasons for imposing a different sentence, . . . the judge will normally go further and explain why he has rejected those arguments." *Id.* at 357. However, the

explanation requirement is satisfied if the district court listens to the defendant's arguments and indicates that a sentence within the guidelines range is appropriate. *See id.* at 357-59.

The district court adopted the Presentence Report, which detailed Medrano's criminal history. It listened to Medrano's arguments for leniency and then expressed its determination that a 63-month sentence would adequately address the sentencing objectives of deterrence and punishment. Medrano fails to demonstrate that the district court committed a clear procedural error. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). Moreover, he has not shown that the lack of a more complete explanation affected his substantial rights. *See Mondragon-Santiago*, 564 F.3d at 365.

Medrano also argues that his sentence is substantively unreasonable. We review this issue for plain error because Medrano did not object to his sentence. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Although he disagrees that such an objection is necessary to preserve error, Medrano recognizes that we have ruled otherwise and raises the issue only to preserve it for further review. *See id.*

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Essentially, Medrano now argues that this court should engage in impermissible "substantive second-guessing of the sentencing court." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 767 (5th Cir. 2008). He fails to overcome the presumption of reasonableness afforded his within-guidelines sentence. *See Alonzo*, 435 F.3d at 554.

AFFIRMED.